UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Omar Guerra, | ) | C/A No. 9:08-03653-TLW-BM |
| Plaintiff, | ) ) ) | REPORT AND RECOMMENDATION |
| v. | ) ) ) | |
| Sergeant Vetter, | ) ) ) | |
| Defendant. | ) ) | |

Omar Guerra (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee at the Lexington County Detention Center (LCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names "Sergeant Vetter" (Vetter) as the sole defendant. In his brief complaint, Plaintiff alleges that because he has filed a grievance against an officer or sergeant at the LCDC or has complained about them to the Major, his mail has been tampered with in retaliation. However, Plaintiff does not seek any specific relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __

U.S. __, 127 S. Ct. 2197 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even when considered under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

Plaintiff alleges that the return of his incoming mail and the limitation on the size envelope that he can receive are retaliatory acts. (Compl. at 3.) In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Interference with an inmate's mail can state a cognizable claim under § 1983. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (*citing Abbott v. Thornburg*, 490 U.S. 401, 407 (1989) (prisoners enjoy a First Amendment right to send and receive mail)). However, to establish § 1983 liability, a plaintiff must affirmatively show that the "official charged acted personally in the deprivation of the plaintiff's rights." *Oliver v. Powell*, 250 F. Supp. 2d 593 (E. D. Va. 2002) (*citing Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985). Here, even though Plaintiff may have alleged a constitutional violation (at least for purposes of avoiding a summary dismissal on that ground), he has failed to alleged any personal involvement by the defendant Vetter in the alleged retaliatory act of returning Plaintiff's incoming mail. Rather, the only allegation against

2

Vetter is that, in response to a request from Plaintiff, Vetter verified the LCDC policy concerning the receipt of large envelopes.

Since Plaintiff has failed to allege how Vetter is a person responsible for a violation of his constitutional rights, it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d at 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation").

Additionally, Plaintiff has also failed to request any relief or to suggest to this Court any remedy for the alleged violation. Plaintiff merely states that "[he] would appreciate the help." (Compl. at 4.) For this Court to find Plaintiff's rights have been violated but order no remedy would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *see also Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).

A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Therefore, this complaint should be dismissed because Plaintiff has failed to state a claim against the only named defendant and/or to request any appropriate or obtainable relief.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v.*



3

*Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Bristow Marchant
United States Magistrate Judge

November 19, 2008
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).